The PEOPLE of the State of
Colorado, Complainant,

v.

Arthur B. WALSH, Attorney–Respondent.

No. 94SA241.

Supreme Court of Colorado,
En Banc.

Sept. 12, 1994.

Kenneth B. Pennywell, Asst. Disciplinary Counsel, Denver, for complainant.

Michael L. Gilbert, Denver, for respondent.

PER CURIAM.

This consolidated attorney disciplinary proceeding is based upon two separate complaints filed by the disciplinary counsel of the Colorado Supreme Court Grievance Committee (grievance committee) against the respondent, Arthur B. Walsh. The respondent and the assistant disciplinary counsel have entered into a-stipulation, agreement, and conditional admission of misconduct (stipulation), which includes a recommendation that the respondent be disbarred. An inquiry panel of the grievance committee unanimously approved the stipulation and recommended that the respondent be disbarred and assessed costs. We accept the panel's recommendation.

I.

The respondent was admitted to the bar of this court on May 10, 1974, and is registered as an attorney upon this court's official records. He is therefore subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

II.

The stipulation relates to eight counts of alleged misconduct as a lawyer and acknowledges various wrongful actions and omissions by the respondent. Six of those counts describe situations in which the respondent misappropriated client funds that had been obtained in settlement agreements. In at least three of those situations, the funds were misappropriated from the respondent's client trust account. The respondent admits that in at least two of those latter situations, the funds were used for the respondent's personal benefit or for the benefit of other clients without the knowledge or authorization of the clients for whom the funds were held.

On three occasions, checks that the respondent wrote to his clients were dishonored for insufficient funds. One of the clients whose funds were misappropriated and to whom the respondent wrote a check that was subsequently dishonored was an elderly woman who was a personal injury client of the respondent. The respondent misrepresented to another client that a claim had been filed on his behalf in a bankruptcy proceeding, and, later, falsely told the client that the claim had been settled. The respondent then wrote a check on his trust account to the client's designee for the client's share of the nonexistent settlement. The check was returned by the bank by reason of insufficient funds when the designee attempted to deposit it and has never cleared or been made good by the respondent. On another occasion, the respondent borrowed money from a client and failed to provide adequate security. The respondent subsequently defaulted on the loan.

The respondent stipulates to many violations of C.R.C.P. 241.6, which refers to vari-

ous acts and omissions that constitute grounds for discipline. In addition, the respondent stipulates to violating numerous rules of the Code of Professional Responsibility, including the following: DR 1–102(A)(1) (violating a disciplinary rule), DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), DR 1–102(A)(6) (engaging in any other conduct that adversely reflects on the attorney's fitness to practice law), DR 9–102(A) (preserving identity of funds of client), DR 9–102(B)(4) (failing to pay or deliver to client the funds, securities or other properties that client is entitled to receive). The respondent also stipulates to violating several rules under the Colorado Rules of Professional Conduct, including: Rule 1.1 (failing to provide competent representation), Rule 1.3 (failing to act with reasonable diligence), Rule 1.8(a) (engaging in a prohibited transaction with the lawyer's client), Rule 1.15(b) (failing to deliver to client or third persons funds that they were entitled to receive), Rule 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation), and Rule 8.4(h) (engaging in any other conduct that adversely reflects on the lawyer's fitness to practice law).

The respondent stipulates that he has converted $81,069.76 in client funds. He has made restitution of most of these funds but has failed to restore a total of $12,874.76 to various clients. The restitution was made only after a significant amount of time had passed following settlement of the clients' cases. The respondent owes $15,000 on the loan he obtained from a client and on which he defaulted. The disciplinary counsel stipulates that during the time of the respondent's misconduct he was suffering from a recurrent depression.

### III.

The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986 & 1992 Supp.) (ABA *Standards* ) applies in this case. Under those standards, "[d]isbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client." ABA *Standards* 4.11. We have previously stated, "[T]hievery and deception on the part of a lawyer corrupt and betray the relationships between lawyer and client and between the legal profession and the public. Thus, disbarment of the dishonest lawyer is usually appropriate." *People v. Margolin,* 820 P.2d 347, 349 (Colo.1991); *see also People v. Robnett,* 859 P.2d 872, 878 (Colo.1993) ("In the absence of significant mitigating factors, disbarment is the appropriate sanction for a lawyer who converts client funds and otherwise engages in deception of the client."); *People v. Kearns,* 843 P.2d 1, 5 (Colo.1992) (citing numerous cases in which attorneys were disbarred for intentional and knowing conversion and deception).

### IV.

In the present case, the following factors are present in aggravation: (1) a dishonest or selfish motive on the part of the respondent, ABA *Standards* 9.22(b); (2) a pattern of misconduct, *id.* at 9.22(c); (3) multiple offenses, *id.* at 9.22(d); (4) vulnerability of victim, *id.* at 9.22(h); (5) substantial experience in the practice of law, *id.* at 9.22(i) and (6) indifference to making restitution, *id.* at 9.22(j).

The following factors are present in mitigation: (1) absence of a prior disciplinary record, *id.* at 9.32(a); (2) personal or emotional problems, *id.* at 9.32(c); and (3) full and free disclosure to disciplinary board or cooperative attitude toward proceedings, *id.* at 9.32(e). Restitution of funds that a lawyer has misappropriated from a client is not a significant factor in mitigation. *People v. Margolin,* 820 P.2d 347, 350 (Colo.1991).

### V.

Both the disciplinary counsel and the respondent recommend imposition of disbarment in this case. We agree that disbarment is the appropriate sanction. Accordingly, it is hereby ordered that Arthur B. Walsh be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately upon

the issuance of this opinion. It is ordered that the respondent pay the costs of these proceedings in the amount of $1,456.62 within ninety days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.